THIS is a controversy for land, claimed under adverse conflicting titles.
The aoneliees hold the elder patent, in virtue of winch, they obtained a judgment in ejectment, to stay proceedings upon which the appellant filed his bill, asserting a superior equity derived under an entry in the name of Hoomes.
On a final hearing, the bill was dismissed, and the appellant has brought the caseto this court by appeal.
Hoomes’entry, under which the appellant claims, was tor 10,000 acres, was made the 3rd or August, 1782, and calls for “ lying on the waters of Hammond’s creek and Benson’s creek, adjoining Cobb’s entry of 3000 acres on Hammond’s creek, on the west and north, and extended west and north over on the waters of Benson’s creek, excluding all former entries and ail lands unfit for cultivation.”
Cobb’s entry of 3000' acres was made the 13th of June, 1782, and calls “to adjoin colonel Stephen Trigg’s survey of 900 acres lying on the waters of Hammond’s creek, on the west side, to begin at his south-west corner, and running with the said line north, so far that lines at right angles west, will give the quantity.”
Trigg had, on the 3rd of February 1781, made a survey ot 900 acres, which calls to lie on the two main branches of Hammond’s creek. The entry upon which this survey was made, calls for locative objects of *239 which there is no proof in the cause, and consequently, it is impossible to say. that the survey was made in conformity to the entry, ft is indeed apparent, that the survey does notin one respect conform to the entry; for the entry calls to run up and down the stream as far as the law will allow, and the survey is made to extend in its greatest length across the stream. The call, therefore, in Cobb’s entry, for Trigg’s survey, evidently can derive no aid from his entry, and must depend for its support upon the sufficiency of the survey as an object of location. Trigg’s survey, we suppose to be sufficiently identified ; but to sustain the dependant entries, it is necessary that it should be proved to be notorious, and in this respect, we apprehend, the evidence must be deemed deficient. It is remarkable that the deposition of no solitary witness bas been taken, who was conversant in the vicinity of the survey after it was made.
The depositions of several witnesses who were present at the making of the survey, have been taken, and they speak of the survey having been frequently the subject of conversation, and of its notoriety; but they did not reside in the most contiguous stations, nor were they conversant in the neighborhood of the survey, and all that can be inferred from what they say of its notoriety, is, that in a remote station, where they and Trigg resided, it was generally known that such a survey had been made for Trigg, on Hammond’s creek. This evidence is clearly not sufficient, according to the uniform tenor of the decisions of this court, to establish the notoriety of the survey. Nor can the description contained in' the certificate of survey, aid the defect of proof, aliunde.
The only part of the description which could conduce in any degree to that purpose, is the call for(s lying on the two main branches of Hammond’s creek;” but this is evidently too vague and general to have enabled a subsequent locator to find it, with the exercise of reasonable diligence.
The decree must, therefore, be affirmed with costs.